<HTML>

<HEAD>

<TITLE>Matter of Attorneys in Violation of Judiciary Law §468-a (Mahoney) (2020 NY Slip Op 00346)</TITLE>

<STYLE>

BODY {

font-family : "Times New Roman", Times, serif;

font-size : larger;

}

P {

line-height: 150%;

text-indent: 2em

}

</STYLE>

</HEAD>

<BODY bgcolor=#ffffff>

Matter of Attorneys in Violation of Judiciary Law 468-a (Mahoney)

2020 NY Slip Op 00346

Decided on January 16, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

<DateLine type="decided" mdy="01162020">Decided and Entered: January 16, 2020</DateLine>

PM-20-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law §468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department. Petitioner; Maureen Ellen Mahoney, Respondent. (Attorney Registration No. 2424471.)

<DateLine type="prior_case_filed">Calendar Date: December 16, 2019</DateLine>

Before: Garry, P.J, Clark, Mulvey, Pritzker and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Maureen Ellen Mahoney, Rockville Centre, respondentpro se.

Per Curiam.

Respondent was admitted to practice by this Court in 1991, and currently lists a Nassau County business address with the Office of Court Administration. By September 2009 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (Matter of Attorneys in Violation of Judiciary Law § 468, 65 AD3d 1447, 1467 [2009]; see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). After curing her registration delinquency in November 2009 by listing her status as retired, respondent did not seek reinstatement until this past year, by motion marked returnable December 16, 2019. Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement to the practice of law in this state. Petitioner, however, has opposed respondent's motion based upon certain identified deficiencies in her application.

Upon review of respondent's application and attachments, we conclude that she has sufficiently established, by clear and convincing evidence, (1) that she has complied with the order of suspension and the Rules of this Court, (2) that she has the requisite character and fitness for the practice of law, and (3) that it would be in the public's interest to reinstate her to practice in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Katz], 166 AD3d 1469, 1470 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Notably, an applicant for reinstatement must also provide, as a threshold matter, certain required documentation in support of his or her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C).

Initially, given the length of her suspension, respondent properly submits a sworn affidavit in the form set forth in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Further, Office of Court Administration records demonstrate that respondent is current with her biennial registration requirements (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Respondent has also submitted the required threshold documentation in support of her application, including proof that she successfully completed the Multistate Professional Responsibility Examination, as is required for all attorneys seeking reinstatement following suspensions of six months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Moreover, having reviewed all of the submitted materials provided by respondent, we find that she has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate her to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], ___ AD3d ___, 2019 Slip Op 08758 [2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Koschwitz], 176 AD3d 1300, 1301 [2019]). We therefore grant respondent's motion and reinstate her to the practice of law in New York, effective immediately.

Garry, P.J, Clark, Mulvey, Pritzker and Colangelo, JJ., concur.

ORDERED that respondent's motion is granted; and it is further

ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York.

<FORM METHOD="LINK" ACTION="../../slipidx/aidxtable_3.shtml">

<INPUT TYPE="submit" VALUE="Return to Decision List">

</FORM>

</BODY>

</HTML>